IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

GREGORY GATES                                                                                    PLAINTIFF

v.                    Civil No. 6:17-CV-06062-PKH-BAB

SHERIFF MIKE CASH and JAIL                                                            DEFENDANTS
ADMINISTRATOR KEN FAIN.

**ORDER**

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis* (IFP).

Pursuant to 28 U.S.C. § 1915(e)(2), the Court has the obligation to screen any complaint in which an individual has sought leave to proceed IFP. 28 U.S.C. § 1915(e)(2). On review, the Court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

**I.     BACKGROUND**

Plaintiff filed his complaint on July 14, 2017. (Doc. 1). He alleges he was denied law books and legal materials to defend his criminal case and pursue his federal cases while incarcerated in the Hot Springs County Jail. (Doc, 1, pp. 4-5). He alleges as follows: "After following procedure & filing the paper grievances Mr. Fain told me I'd have to write the Hot Spring County Judge Eddy Easly to get any law books. This is after telling me to get the name of the books I needed which I got nothing but the run-around." (Doc. 1, p. 4). A letter written by Plaintiff and included with his complaint states Plaintiff has a public defender, Mrs. Lemons, but could have been able to properly defend himself if he had access to law books. (Doc. 1, p. 10). In

1

his letter, Plaintiff alleges that, before pleading guilty, he was not advised that all of the charges would have been dropped against him because the officer who brought the charges was fired for assaulting Plaintiff, and therefore would not have been able to testify against him. (Doc. 1, p. 10).

Plaintiff proceeds against both Defendants in their official and personal capacities. (Doc. 1, p. 4). Plaintiff seeks compensatory and punitive damages. (Doc. 1, p. 7).

**II.     ANALYSIS**

Plaintiff failed to allege a plausible denial of access to courts claim based on the denial of access to legal texts or books. The Supreme Court has held "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith,* 430 U.S. 817, 828 (1977). Nevertheless, *Bounds* "did not create an abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey,* 518 U.S. 343, 351 (1996). Instead, prison officials must provide inmates with "meaningful access to the courts," and providing a law library is merely one way to comply with this obligation. *See Bear v. Fayram,* 650 F.3d 1120, 1123 (8th Cir. 2011) (the constitutional requirement of access to the courts may be satisfied in a number of ways including, prison libraries, jailhouse lawyers, private lawyers on contract with the prison, or some combination of these and other methods). However, an inmate has no standing to pursue an access claim unless he can demonstrate he suffered prejudice or actual injury as a result of the prison officials' conduct. *See Lewis,* 518 U.S. at 351-2; *see also Farver v. Vilches,* 155 F.3d 978, 979-980 (8th Cir.1998) (*per curiam*); *Klinger v. Dep't of Corr.,* 107 F.3d 609, 617 (8th Cir.1997) (to prevail on an access-to-court claim, an inmate must show actual injury or prejudice even if denial of access to a law library is complete and systematic); *McMaster v. Pung,* 984 F.2d 948, 953 (8th Cir. 1993). "To prove a

violation of the right of meaningful access to the courts, a prisoner must establish the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim.'" *Hartsfield v. Nichols,* 511 F.3d 826, 831 (8th Cir. 2008) (citations omitted).

The prison must also provide inmates with "paper and pen to draft legal documents with notarial services to authenticate them, and with stamps to mail them." *Bounds v. Smith,* 430 U.S. at 824-5; *see also Myers v. Hundley,* 101 F.3d 542, 544 (8th Cir.1996)(*citing, Lewis v. Casey,* 518 U.S. at 350-1). The duty to provide such allowances is constrained by the inmates' right of *meaningful* access to the courts. *Bounds v. Smith,* 430 U.S. at 824-5.

Here, Plaintiff's letter states he was represented by a public defender in his criminal case. Plaintiff was also able to obtain a § 1983 form and file this case. Thus, Plaintiff was not denied meaningful access to the courts.

In his letter, Plaintiff alleges that, before pleading guilty, he was not advised that all of the charges would have been dropped against him because the officer who brought the charges was fired for assaulting Plaintiff, and therefore would not have been able to testify against him. (Doc. 1, p. 10). This allegation states a claim for ineffective assistance of counsel against a public defender, which is not a cognizable § 1983 claim. *See Polk County v. Dodson,* 454 U.S. 312, 325 (1981) (A public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to indigent defendants in state criminal proceedings); *Gilbert v. Corcoran*, 530 F.2d 820 (8th Cir. 1976) (conclusory allegations of ineffective assistance of counsel do not state a claim against public defenders under § 1983).

For these reasons, IT IS ORDERED that Plaintiff's claims are DISMISSED WITHOUT

PREJUDICE.

Judgment will be entered accordingly.

IT IS SO ORDERED this 8th day of September 2017.

/s/ P. K. Holmes, III
P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE